Plaintiff, Tri-Central, Inc. and Key Constructors, Inc., A Joint Venture, (Tri-Central) filed its petition in this court alleging two counts against the government under the Contract Disputes Act of 1978, 41 U.S.C. §§601-613 (Supp. Ill 1979).[1]
The case is presently before the court on defendant’s motion for partial summary judgment with regard to Count One of plaintiffs petition. The government asserts that Count One of Tri-Central’s petition is not properly before this court because the contractor failed to certify its claim and because the contracting officer has not made a final determination with regard to the claim. We agree and hold for the government.
Tri-Central’s claims arise out of a contract executed on February 26, 1979 between the plaintiff and the Army Corps of Engineers (Corps) to construct a control structure *843 for the Ascalmore Creek-Tippo Bayou in Tallahatchie County, Mississippi. During the course of construction, on December 4, 1979, a slide occurred in a portion of the excavation. The Corps directed the plaintiff to perform restorative work at the slide area; and while plaintiff was engaged in these efforts, a second slide occurred on December 23,1979.
Tri-Central alleges that both slides were the result of the failure of the Corps to investigate soil conditions, to design the work adequately, and to warn the plaintiff of the potential difficulties at the site.
Plaintiff admits that the contracting officer has not issued a final decision on its claims and that the claim, in the amount of $400,000, has not been certified. Plaintiff acknowledges that the Contract Disputes Act states that the contractor shall certify any claim in excess of $50,000 to the contracting officer, but argues (1) that the certification provision of the statute relates to submitting claims to the contracting officer and not to the court; and (2) that certification is not a jurisdictional prerequisite for bringing suit in this court. We disagree.
Prior to the enactment of the Contract Disputes Act, plaintiffs were not required to certify claims before filing them with the contracting officer. Disputes were settled with reference to a "disputes clause” written into the contract itself. Under the terms of such clauses, the government’s contracting officer ordinarily had final authority to determine government liability and to make adjustments. Adverse decisions of contracting officers could then be appealed to an appropriate Board of Contract Appeals; judicial review of Board decisions was available in this court under the Wunderlich Act, 41 U.S.C. §§321, 322.
In November 1978, Congress enacted the Contract Disputes Act which provided aggrieved contractors with an alternate forum for the resolution of disputes. Under the terms of the Act, contractors could elect to bring action on their claims directly in this court.[2] Congress was concerned, however, that direct access to the court might foster unnecessary litigation and therefore incorporated into the *844 statute a certification requirement to discourage the submission of unwarranted claims and to encourage settlements. Folk Construction Co. v. United States, 226 Ct. Cl. 602 (1981).
Sections 605(c)(1) and (2) of the statute require that all contractor claims in excess of $50,000 be certified. Section 605(c)(1) reads in pertinent part:
For claims of more than $50,000, the contractor shall certify (emphasis added) that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.
Section 605(c)(2), moreover, specifies that the contracting officer’s obligation to issue a decision arises only after he has received a certified claim. 41 U.S.C. § 605(c)(2) (Supp. Ill 1979).
Where, as in the instant case, the contractor claim was filed after the effective date of the Act and plaintiff seeks to avail itself of the direct access alternative, the claim must be submitted in accordance with the express provisions required by the statute. The language of the Act and its legislative history affirm the mandatory character of the certification provisions. Unless a claim has been certified there simply is no claim that this court can consider under the Act. Paul E. Lehman, Inc. v. United States, ante at 11, 673 F.2d 352 (1982).
Irrespective of the bar created by the certification issue, plaintiffs suit is premature because the contracting officer has not made a final decision on the claim. Under the Contract Disputes Act, whether plaintiff elects to seek direct access in this court or chooses to appeal to a Board of Contract Appeals, plaintiff must first obtain a final decision from the contracting officer. 41 U.S.C. §609 (Supp. Ill 1979). Section 609 provides that:
Judicial review of board decisions
(a) Actions in United States Court of Claims; district court actions; time for filing
(1) Except as provided in paragraph (2), and in lieu of appealing the decision of the contracting officer under section 605 of this title to an agency board, a contractor may bring an action directly on the claim in the United *845 States Court of Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.
* * % # *
(3) Any action under paragraph (1) or (2) shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court.
By not securing a final decision from the contracting officer the plaintiff here has not exhausted its administrative remedies.
This court recently held that it cannot dispose of appeals under the Contract Disputes Act unless there has been a final decision by the contracting officer, "the linchpin for appealing claims under the Contract Disputes Act is the contracting officer’s decision.” Paragon Energy Corp. v. United States, 227 Ct. Cl. 176, 177, 645 F.2d 966, 967 (1981).
Since the contracting officer has made no final decision, the plaintiff cannot yet bring suit in this court under the Contract Disputes Act. Plaintiff has not stated a claim upon which relief can be granted; plaintiff must first exhaust its administrative remedies. White Plains Iron Works, Inc. v. United States, 229 Ct. Cl. 626 (1981).
it is therefore ordered after consideration of the submissions of the parties, without oral argument, defendant’s motion, with regard to Count One, which we deem a motion to dismiss, is granted. Count One of the plaintiffs petition is dismissed without prejudice.

 Under the provisions of 41 U.S.C. §601 n., contractors who had executed contracts with the government prior to the effective date of the Contract Disputes Act, March 1, 1979, could elect to proceed under the Act on any claim then pending before a contracting officer or initiated thereafter. Plaintiffs so situated, therefore, could seek redress either under the Wunderlich Act, 41 U.S.C. §§321, 322 (1976), or the Contract Disputes Act. Plaintiff here executed its contract on February 26, 1979 and has chosen to proceed under the Contract Disputes Act.

 41 U.S.C. §609 (Supp. III 1979).