This contracts case is before us on defendant’s motion to dismiss the claim as barred by our 6-year statute of limitations. 28 U.S.C. § 2501 (1976). We grant defendant’s motion.
*927 The procedural history as found by the Postal Service Board of Contract Appeals (board), 79-2 BCA ¶ 14,181 (psbca No. 448), and not disputed by plaintiff is as follows. The relevant contracts were entered into in 1966. Numerous delays by the Post Office Department ensued and 1967 was filled with negotiations between plaintiff and the contracting officer (CO) over added costs. On September 13, 1967, the CO wrote plaintiff that the results of the negotiations were his final position and that he considered the matter concluded. He did not, however, include in his letter language reciting plaintiffs appeal rights. Regulations in force at that time required that a final decision contain such language.
Plaintiff submitted a related claim in January 1968, but it was never followed by the required documentation. The last action taken by plaintiff in this period was a letter to the Postmaster General on January 6, 1969, requesting information on the procedure for filing a breach of contract claim. The letter was referred to the CO who asked plaintiff for details. The CO received no response.
Plaintiff was next heard from on July 25, 1977 — 8 years after its last communication and nearly 10 years after the completion of contract work — when it wrote to the CO with a claim for recovery over and above the amounts negotiated and which the CO had stated were his final position in September 1967. The CO responded on November 30, 1977, that the September 1967 letter had been his final decision; nevertheless, plaintiff treated the November 30, 1977, letter as the final decision and appealed to the board on the basis of it. After a full hearing, hampered by plaintiffs destruction in the intervening years of certain records, the board denied plaintiffs claims on the merits in a decision of December 3, 1979. 79-2 bca ¶ 14,181. Plaintiff appeals to this court under the Wunderlich Act. 41 U.S.C. §§ 321-322 (1976).
Plaintiff relies on our holding in Nager Electric Co. v. United States, 177 Ct. Cl. 234, 368 F.2d 847 (1966), that the limitations period in Wunderlich Act cases does not begin to run until the board has rendered its decision. The rationale of Nager Electric is that a plaintiff has no cause of action prior to a final decision because, even if it wanted to, *928 it could not get into court at that point. Id., 177 Ct. Cl. at 251-52, 368 F.2d at 858-59. This rationale has little application where a plaintiff makes no effort to pursue his claims, in court or otherwise.
Furthermore, the court in Nager Electric expressly warned, id., 177 Ct. Cl. at 259-60, 368 F.2d at 864:
Similarly, the contractor in the cases before us (and the mass of such cases) is not left at large to present his claim administratively whenever he likes. The Disputes clause does not itself fix a time within which a disputed issue of fact must be presented to the contracting officer * * * . * * * where no specific period is established in the contract the contractor cannot delay unreasonably. Cf. Dawnic Steamship Corp. v. United States, 90 Ct. Cl. 537, 579 (1940). Neither this court nor the administrative tribunals have had any great difficulty in handling belated claims by contractors under the various contract-adjustment articles. Contractors have not been able to extend the limitations period unduly by unilaterally postponing the commencement of the administrative process. [Footnotes omitted.]
If ever there was a case where this warning should be implemented, this is it.
Even if the September 13, 1967, letter did not bear all of the technical aspects of a final decision, plaintiff certainly treated it as such — until it suited plaintiff otherwise, 10 years later. Plaintiffs reason for not pursuing its claims was not the lack of finality of the decision at all, but choice. Plaintiffs president as much as admitted this. Quoting the board, 79-2 bca ¶ 14,181 at 69,786:
In testimony Zinger stated as his reason for the ten year delay in filing the claim that he took things "in order of pressing needs. If I have things with a larger dollar and more complicated items, I will devote my time to things that are more complicated, in so doing time has passed.” Later in testimony he said "* * * I weighed the situation and I gave things priorities and this didn’t happen to have a high priority.” [Citations omitted.]
Even counting from the January 6, 1969, letter, plaintiffs delay was 8 years and 7 months; otherwise it was nearly 10 years. These far exceed our 6-year statute of limitations.
Furthermore, this delay is not without elements of prejudice to defendant and the court. We said in Wilmot v. *929 United States, 205 Ct. Cl. 666, 685 (1974), in connection with a defense of laches:
Prejudice to defendant is manifest from undue delay.
"* * * The defense of laches stems from the principle that 'equity aids the vigilant, and not those who slumber on their rights,’ and is designed to promote diligence and prevent enforcement of stale claims. * * *”
Plaintiff has destroyed certain relevant documents, without which neither defendant nor the court can address the case properly. Both the letter and policies of the statute of limitations are offended in this case, and we must dismiss it.
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.
Plaintiffs motion for rehearing and vacating judgment was denied September 30,1982.