**UNITED CONSTRUCTION CO., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 325–84C.

United States Claims Court.

Dec. 12, 1984.

Charles R. Svoboda, Kansas City, Mo., for plaintiff.

Alvin A. Schall, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

Dale Holmes, U.S. Army Corps. of Engineers, Washington, D.C., of counsel.

## ORDER

NETTESHEIM, Judge.

This case is before the court on defendant's motion for summary judgment, as opposed by plaintiff, after oral argument.

## FACTS

The following facts are undisputed. On July 26, 1978, plaintiff United Construction Company, Inc. ("plaintiff"), entered into a construction contract with the Department of the Army Corps of Engineers, Kansas City District (the "Corps"). By letter dated June 25, 1979, plaintiff notified the Corps that additional work was required because construction site conditions were not as the parties had anticipated. The letter also expressed plaintiff's expectations of an adjustment of the contract price and an extension on the contract completion date. Defendant directed plaintiff to perform the additional work.

On January 14, 1980, plaintiff submitted an uncertified notice of claim for the cost, approximating $550,000, that it allegedly would incur in performing the additional work. The letter stated in part, "If it is not possible to solve these problems through a claim procedure or change order, we request that you resolve these disputes in accordance with contract General Provision 6-a."

Plaintiff attempted to negotiate its claim from January 14, 1980, to May 26, 1982. After negotiations failed to prove fruitful, plaintiff, by letter dated May 26, 1982, requested that the contracting officer issue a final decision on its claim. On August 26, 1982, the contracting officer issued a "final decision" denying plaintiff's claim on the merits. The decision letter, received on August 27, contained the language applicable to a "transition case" involving a claim emanating from a contract entered into before March 1, 1979, the date on which the Contracts Disputes Act of 1978, 41 U.S.C. §§ 601-613 (1982) (the "CDA"), became ef-

fective. The letter advised the contractor of its right to elect to proceed under the contract Disputes clause or the CDA, pursuant to 41 U.S.C. § 601 note:

This is the final decision of the Contracting Officer. This decision may be appealed to the Corps of Engineers Board of Contract Appeals. As a result of the enactment of the Contract Disputes Act of 1978, you may elect to proceed under the Contract Disputes Clause or under the Act. If you decide to make an appeal under the Contract Disputes Clause, you must mail or otherwise furnish written notice thereof to the Contracting Officer ... within thirty (30) days from the date you receive this decision. If you decide to appeal under the Act, you must mail or otherwise furnish written notice thereof to the Corps of Engineers Board of Contract Appeals within ninety (90) days from the date you receive this decision.... Further, for appeals under the Act, in lieu of appealing to the Corps of Engineers Board of Contract Appeals, you may bring an action directly in the United States Court of Claims within 12 months of the date you received this decision.

In a letter dated August 31, 1982, plaintiff's counsel advised Corps counsel for the Kansas City District that it "is my present inclination that we will proceed under the Contract Disputes Act." Counsel for plaintiff also requested forms for the certification of costs pursuant to the CDA: "If we intend to appeal this decision under the Contract Disputes Act we must have this certification." On September 2, 1982, the Corps District Counsel informed plaintiff's counsel in writing of the proper certification language. By two letters dated March 24, 1983, plaintiff informed both the Corps and the Corps' District Counsel of plaintiff's "intention" to proceed under the CDA by filing suit in this court.

According to the unchallenged affidavit of plaintiff's counsel, plaintiff reiterated this intention in a telephone conversation on April 1, 1983, with James Dyer, Assistant District Counsel for Kansas. Plain-

tiff's counsel said that plaintiff was going to proceed under the CDA by filing an action in this court. In that conversation, Mr. Dyer informed plaintiff that *Skelly & Loy v. United States*, 231 Ct.Cl. 370, 685 F.2d 414 (1982), had issued, holding that a certified claim is a prerequisite to suit in this court. Mr. Dyer further informed plaintiff that the August 26, 1982 decision on an uncertified claim "was a nullity and of no legal effect" and advised plaintiff to prepare an accurate breakdown of costs and then submit a certified claim on the basis of which the contracting officer could issue a new final decision. Plaintiff requested a copy of the *Skelly & Loy* decision from Mr. Dyer and agreed to submit a certified claim. Affidavit of Charles R. Svoboda ¶¶ 1–2.

Under cover of an April 5, 1983 letter from F.H. Moore, Corps District Counsel, plaintiff received a copy of the *Skelly & Loy* decision. Plaintiff's counsel states in his affidavit that he contacted Mr. Dyer on "at least one and perhaps two occasions" after April 1, 1983, as suggested in Mr. Moore's letter, and that, in these communications, he informed Mr. Dyer that he was preparing cost breakdowns to submit along with a certified claim, as Mr. Dyer had suggested. Svoboda Affidavit ¶ 3.

On March 8, 1984, approximately eleven months after being advised to do so, plaintiff submitted a certified claim to the contracting officer requesting an equitable adjustment in the amount of $324,297.57 or, in the alternative, a final decision from which an appeal could be perfected. The contracting officer responded to plaintiff by letter dated April 5, 1984, that he did not "intend to issue another ... final decision on this matter ...." because the August 26, 1982 decision on the same claim submitted on January 14, 1980, was final and because plaintiff had failed timely to appeal.

Because the contracting officer refused to issue a final decision, plaintiff filed its complaint in this court on June 25, 1984, relying upon 41 U.S.C. § 605(c)(5) for the proposition that a failure to issue a final

decision within 60 days of the receipt of a certified claim, pursuant to section 605(c)(1), is deemed a decision denying the claim, thereby authorizing the commencement of suit.

## DISCUSSION

### 1. *Timeliness of Court Action*

■ Whether this court lacks jurisdiction to entertain plaintiff's suit depends on whether the contracting officer issued a final decision. The court is guided by the principle that the scope of the sovereign's waiver of sovereign immunity under the CDA must be strictly construed. *See, e.g., Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981); *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Fidelity Construction Co. v. United States*, 700 F.2d 1379, 1383–84 (Fed.Cir. 1983); *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390 (Fed.Cir.1982).

41 U.S.C. § 605(c)(1) provides that, with respect to a claim of more than $50,000, the contractor must certify

> that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.

Section 605(b) provides in pertinent part:

> The contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this chapter....

Pursuant to 41 U.S.C. § 609(a)(3), a direct action in the United States Claims Court "shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim ...."

It is important to isolate what this case actually concerns from peripheral matters. The certification requirement appears in the CDA, it was not judge-made, and plain-

tiff should have known about the requirement when it filed its claim in early 1980. The only effect of the 1982 *Skelly & Loy* decision was to make clear that the certification requirement is jurisdictional. Corps District Counsel Dyer did not advise plaintiff's counsel that plaintiff could wait longer than a year after the decision before filing an action in this court, but only that the claim should be certified and presented for a second decision. To the extent that this latter representation may have induced plaintiff to believe that it could wait beyond August 29, 1983, before filing its claim, the Government is not bound by such gratuitous legal advice. *See Prime Construction Co. v. United States*, 231 Ct.Cl. 782, 785 (1982).

■ Defendant argues that plaintiff's claim is barred by its failure to commence an action in the Claims Court within 12 months after the August 26, 1982 decision of the contracting officer, or by August 29, 1983, because only by appealing the decision could plaintiff have prevented it from becoming final and conclusive. The contracting officer's obligation pursuant to 41 U.S.C. § 605(c)(2) to issue a decision or to inform the contractor of the time within which he will do so arises only after the contracting officer has received a certified claim. *Paul E. Lehman, Inc. v. United States*, 230 Ct.Cl. 11, 14, 673 F.2d 352, 354 (1982). Although receipt of an uncertified claim imposes no obligation on the contracting officer, defendant argues that if the contracting officer issues a "final decision" on an uncertified claim, that decision is entitled to the finality accorded by section 605(b). This is so, defendant urges, because the scope of the waiver of sovereign immunity embodied in the CDA should be strictly construed.

*Fidelity Construction Co. v. United States*, 700 F.2d at 1384, teaches that "[t]he submission of an uncertified claim, for purposes of the CDA, is, in effect, a

legal nullity ...." Therefore, in that case the filing of such a claim did not serve to trigger the accrual of interest. Despite defendant's insistence that its argument is important jurisdictionally, the Court of Claims in *Skelly & Loy* resolved the question against the Government by ruling that (1) failure to certify a claim submitted to the contracting officer taints every decision that follows; (2) if a contracting officer renders a decision on an uncertified claim, the decision is of no consequence; (3) the linchpin for appealing a claim under the CDA is the decision of the contracting officer; and (4) no action may be filed in this court under section 609 without such a decision. *Skelly & Loy*, 231 Ct.Cl. at 376–77, 685 F.2d at 419 (citing cases).

■ As the Court of Claims wrote in *Skelly & Loy*, "[I]f the 'claim' to the contracting officer is not certified, it has not been 'properly submitted,' so the contracting officer does not have authority to issue a decision." 231 Ct.Cl. at 377, 685 F.2d at 419 (citation and footnote omitted). A contracting officer's decision based on an uncertified claim cannot trigger the running of the limitations periods under the CDA, because such a decision has no life under the CDA apart from the underlying claim.[1] "In sum, any proceedings on an uncertified claim—under the CDA—are of no legal significance...." *Skelly & Loy*, *id.*

Defendant argues that the contracting officer's decision acquires legal significance under *L.J. Gunston v. United States*, 221 Ct.Cl. 57, 60 n. 4, 602 F.2d 316, 319 n. 4 (1979), wherein defendant was precluded by the doctrine of collateral estoppel from attacking in the United States Court of Claims the absence of subject matter jurisdiction in a prior district court action. The Government was told that it should have raised the argument in the district court. The argument is not persuasive because the Government in *Gunston* could have litigated the issue elsewhere but failed to do so, whereas here no

---

1. The contracting officer's decision has vitality apart from the CDA. Because a certified claim is not required under the Disputes clause, the contracting officer's final decision was valid if plaintiff elected to proceed under the contract; and, for that purpose, the decision letter triggered the 30-day limitations period to appeal under the Disputes clause.

tribunal has passed on the effect of the contracting officer's decision.

■ The Federal Circuit decision in *W.M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed.Cir.1983), does not breathe life into defendant's argument. The court held that plaintiff's letter to a contract appeals board stating its election to appeal under the CDA was binding, even though plaintiff sought to appeal an uncertified claim:

> Although the lack of certification taints all proceedings brought under the Act, ... it does not nullify the appellant's election to proceed under the Act. The Act became applicable as a result of the appellant's voluntary election to proceed under it, and it is immaterial that when it made that election the appellant's claim that it sought to appeal to the Board was fatally defective for want of certification.

705 F.2d at 1340. From this defendant distinguishes *W.M. Schlosser* on the ground that the election to appeal within the period mandated by the CDA prevented the contracting officer's decision in that case from becoming final and conclusive. The Federal Circuit, however, did not hold that, if a binding election follows a decision issued on what is for purposes of the CDA a legal nullity, the decision is nonetheless final for purposes of the CDA.[2] For example, a contractor can make a binding election absent receipt of a final decision, advising of his right to make an election, or so defendant argues in this case.

### 2. *Timeliness of Appeal Under the Disputes Clause*

In its moving brief, defendant took the position that plaintiff had failed to make any election, see Def's Mot. filed Aug. 24, 1984, at 7, 8, 10, and did not assert as an issue of material fact that plaintiff had made an election, in its January 14, 1980 notice of claim, to proceed under the Dis-

putes clause. Defendant's reply brief, filed by the Government's successor attorney, contends that plaintiff made an election to appeal under the Disputes clause, Def's Reply filed Nov. 8, 1984, at 2, 8, 13 n. 6, and specifically asserts as an issue of fact that plaintiff made an election in its notice submitted on January 14, 1980, over two years before the contracting officer issued his decision, that it would appeal under the Disputes clause. If defendant is correct, plaintiff is time barred from appealing under the Disputes clause because it failed to file its appeal in writing within 30 days after receipt of the contracting officer's decision.

The change in defendant's position is critical. In *Tuttle/White Constructors, Inc. v. United States*, 228 Ct.Cl. 354, 656 F.2d 644, 648 (Ct.Cl.1981), a contractor was held to an appeal under the Disputes clause signified in a letter to the contracting officer's office (after issuance of the final decision) stating that "[t]his is our notice to you that we desire to appeal from this decision," *id.* 228 Ct.Cl. at 356, 656 F.2d at 646, because the contractor failed to elect an appeal under the CDA. Although defendant's argument is new, the challenge to a lack of subject matter jurisdiction can be raised at any time. RUSCC 12(h)(3). Plaintiff has not responded formally to this new argument. In oral argument plaintiff took the position that the language concerning the Disputes clause in the January 14, 1980 letter was not written with the advice of counsel. Plaintiff obviously has a factual showing to make, and it will be given an opportunity to respond.

### 3. *Failure To Make a Timely Election After Contracting Officer's August 1982 Decision*

Defendant argues that the complaint is subject to dismissal because between Au-

---

2. The Court of Claims in *Tri-Central, Inc. v. United States*, 230 Ct.Cl. 842, 844–45 (1982), held that in addition to the bar to suit created by the contractor's failure to certify its claim, "suit is premature because the contracting officer has not made a final decision on the claim...." *Id.* at 844. *Tri-Central* does not hold that the contractor could have obtained a final decision absent a certified claim.

Nor is defendant assisted by 41 U.S.C. § 605(c)(5), which provides that a tribunal may stay proceedings to allow a contractor which has sued without a final decision to obtain one. If a contractor sues on an uncertified claim, suit is dismissed, not stayed, until the jurisdictional prerequisite is satisfied. *Skelly & Loy*, 231 Ct.Cl. at 377–78, 685 F.2d at 419.

gust 26, 1982, and August 29, 1983, plaintiff failed to make an election by a positive act as to whether it would appeal under the Disputes clause of the contract or under the CDA. As it must, defendant concedes that in *Essex Electro Engineers, Inc. v. United States,* 702 F.2d 998, 1003 (Fed.Cir. 1983), and *Tuttle/White,* 656 F.2d at 647, the Federal Circuit and Court of Claims, respectively, pointed out that the CDA does not detail the time or manner in which an election should be made.

*Tuttle/White* requires "that the contractor make a positive election whether to come under the act at such time and in such manner as are consistent with the options that it has and which remain open to it from time to time." *Id.* According to defendant, in submitting its claim, plaintiff indicated a positive commitment to proceed under the Disputes clause and for 12 months after the August 1982 decision never signified by anything approaching a positive act, such as an appeal or more definitive statement, an election to proceed under the CDA.

▆▆ *W.M. Schlosser* is the only case to which defendant points that involves both an uncertified claim and an election in a transition case. The Federal Circuit in *W.M. Schlosser* did not hold that a contractor must make a positive election within the outside limits of the statutory appeals periods. Upon realizing that they were dealing with an uncertified claim and, hence, a lawsuit subject to dismissal or vacation until a certified claim was obtained, the parties in *W.M. Schlosser* attempted to transfer the case back to the contract appeals board under the ostensible rationale that plaintiff could reelect to proceed under the Disputes clause on an uncertified claim. This the Federal Circuit would not permit. Once the CDA became applicable "as a result of the appellant's voluntary election to proceed under it," 705 F.2d at 1340, the contractor was required to obtain a certified claim. However, the court specifically va-

cated the decision of the contract appeals board, stating:

> To enable the appellant to begin again on a clean slate, as *Skelly and Loy* contemplates, we vacate the decision of the Board. If the appellant wishes to proceed under the Act, it must follow the procedure outlined in *Skelly and Loy.*

*Id.* Thus, the contractor was free to elect anew. The contractor did so in this case by manifesting its election to sue in this court within 12 months after the contracting officer failed to issue a final decision on its certified claim within 60 days after submission.

### 4. *Delay Attributable to Contractor*

The problematic aspect of this case is that plaintiff did not submit a certified claim until over 18 months after August 26, 1982, the date of the contracting officer's decision, or until eleven months after the date on which it was advised of *Skelly & Loy.*[3] The Court of Claims in *Nager Electric Co. v. United States,* 177 Ct.Cl. 234, 259, 368 F.2d 847, 864 (1966), said that "where no specific period [to present a claim administratively] is established in the contract the contractor cannot delay unreasonably." (Citation omitted); *see Zinger Construction Co. v. United States,* 231 Ct.Cl. 926 (1982) (contractor chargeable with ten-year period of delay between issuance of decision of which it was aware and appeal to board).

▆▆ Defendant's opening brief took the position that plaintiff's submission of a certified claim was unreasonably delayed. No basis in the record appears for finding the period of delay unreasonable; and defendant offers no affidavit or other evidentiary material that would indicate that plaintiff did other than press forward in obtaining the material necessary for certification after April 1983 or that the delay could otherwise be construed as unreasonable. In fact, the Svoboda affidavit suggests that beginning in April 1983 plaintiff

---

**3.** Plaintiff cannot be charged with delay predating the contracting officer's decision. The claim was submitted in January 1980, the work was completed in February 1981, and the parties were negotiating during May 1982.

was proceeding apace to gather data. The record is silent on plaintiff's activities between August 1982 and April 1983. The movant must demonstrate both the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1146–47 (Fed.Cir.1983) (cited in *Cooper v. Ford Motor Co.*, 748 F.2d 677, 679 (Fed.Cir.1984). Although defendant is not entitled to summary judgment on this ground, its motion will be denied without prejudice, and, should defendant's discovery reveal that plaintiff should be faulted for delay, the Government may renew its motion.

## CONCLUSION

Based on the foregoing, it is concluded that plaintiff was not required to file suit in the Claims Court within 12 months of the August 26, 1982 decision of the contracting officer (except to the extent that the court should find that a binding election had been made at an earlier date); that plaintiff was not required to manifest a positive election to proceed under the Disputes clause or the CDA within that period; that the contracting officer denied plaintiff's certified claim by failing to issue a final decision thereon within 60 days after receipt thereof, so that plaintiff can sue on the basis of the denial; and that plaintiff made an election to proceed under the CDA by filing suit within 12 months after the contracting officer refused to issue a final decision within 60 days of submission of the certified claim. Accordingly,

IT IS ORDERED, as follows:

Defendant's motion for summary judgment is denied, except with respect to the grounds (1) that plaintiff failed timely to perfect its appeal upon what defendant claims is a binding election to proceed under the contract Disputes clause, as to which decision is deferred; and (2) that plaintiff delayed unreasonably in submitting its certified claim, as to which defendant's motion is denied without prejudice.