FRIEDMAN, Circuit Judge.
This is a joint motion by the parties to transfer this case to the United States Claims Court and to dismiss the petition to review filed in this court. We deny the transfer, and hold that we have no jurisdiction over the appeal.
I.
This appeal challenges a decision of the General Services Administration Board of Contract Appeals (the Board) denying the appellant’s claim for additional compensation under a government contract entered into in September 1977.
In their joint submissions, the parties have set forth the pertinent facts. In February 1980, the appellant submitted an uncertified claim of $121,130 to the contracting officer. The contracting officer denied the claim on June 2,1980, and informed the appellant that it had the option of appealing under either the disputes clause of the contract or the Contract Disputes Act, 41 U.S.C. § 601 et seq. (1982).
Appellant appealed the contracting officer’s decision to the Board on July 24, 1980.
In a letter to the Board indicating its intent to appeal, the appellant stated that “[i]n addition, we elect to proceed with this appeal pursuant to the new contract disputes act.” The appellant also included with the letter a document which retroactively certified that the claim previously submitted to and decided by the contracting officer was “made in good faith” and “to the best of my knowledge and belief” was accurate.
The Board denied the appeal on September 16, 1982, and the petition to review was filed in this court on October 25, 1982.
The motion, as augmented by submissions requested by the court, raises two issues: (1) whether this court is without jurisdiction over the appeal from the Board decision under the Contract Disputes Act “because appellant did not submit a certified claim to the contracting officer”; and (2) whether the failure to certify the claim before the contracting officer renders the appellant’s election to proceed under the Act invalid. The parties contend that the failure to certify had that effect and that this case therefore is one under the Wunderlich Act, over which the Claims Court has jurisdiction under the Tucker Act.
II.
We agree with the parties that we have no jurisdiction because the claim the appellant submitted to the contracting officer was not certified.
Since the contract was entered into prior to the effective date of the Contract Disputes Act (March 1,1979), the appellant had the choice to proceed under either the Act or the disputes clause of the contract. See 41 U.S.C. § 601, note (Supp. IV 1980); Skelly & Loy v. United States, 685 F.2d 414 (Ct.C1.1982); Tuttle/White Constructors, Inc. v. United States, 656 F.2d 644, 647 (Ct.C1.1981). Under such disputes clauses, “certification was not a jurisdictional prerequisite.” Skeily & Loy, 685 F.2d at 418.
*1338 There is no question that the appellant elected to proceed under the Act. The parties have so recognized in their supplemental submissions. Moreover, the record shows that the election was “conscious and unwavering.” See Tuttle/White Constructors, Inc., 656 F.2d at 647 (Ct.C1.1981). The contracting officer’s decision informed the appellant of its choices, and the appellant’s letter to the board instituting its appeal stated that it “elect[ed] to proceed” under the Act.
The appellant’s attempt retroactively to certify its claim before the Board further demonstrates that the appellant made a voluntary and informed decision to proceed under the Act. It shows that the appellant knew that certification of all claims of more than $50,000 was required under the Act, and reflects a belated attempt to comply with this requirement. The circumstances of this case are similar to those in Essex Electro Engineers, Inc. v. United States, 702 F.2d 998 (Fed.Cir.1983), where we recently held that a contractor’s decision to proceed under the Act was binding. See also Tuttle/White Constructors, Inc., supra.
Since the appellant elected to proceed under the Act when it appealed to the Board, it must abide by the Act’s procedural requirements for taking this particular route. Section 6(c)(1) of the Contract Disputes Act, 41 U.S.C. § 605(c)(1) (1982), requires the certification of all claims in excess of $50,000. The Court of Claims repeatedly has held that a claim of more than $50,000 “cannot be considered under the statute” unless it was “properly certified” when it was submitted to the contracting officer. Paul E. Lehman, Inc. v. United States, 673 F.2d 352, 355 (Ct.Cl.1982). See also Skelly & Loy, supra; Troup Bros. v. United States, Ct.Cl. No. 622-80C (order entered June 8,1982); W.H. Moseley Co. v. United States, 677 F.2d 850 .(Ct.Cl.1982). As the court stated in Lehman “[u]nless that [certification] requirement is met, there is simply no claim that the court may review under the Act.” 673 F.2d at 355.
Although those decisions all involved cases in which direct review was sought in the Court of Claims of the decision of the contracting officer under section 10(a)(1) of the Contract Disputes Act, 41 U.S.C. § 609(a)(1) (1982), rather than, as here, of the Board’s decision, we see no reason to apply a different rule in the latter situation. As indicated in Skelly and Loy, “the failure to certify the claim submitted to the contracting officer should taint every ‘decision’ that follows.” 685 F.2d at 419. An uncertified claim “has not been ‘properly submitted,’ so the contracting officer does not have the authority to issue a decision.” Id.
Here, as in Lehman, the fact that “a contracting officer has rendered a decision on the merits of an uncertified claim was of no consequence, since the officer ‘had no authority to waive a requirement that Congress had imposed.’ ” See Skelly & Loy, 685 F.2d at 419, quoting Lehman, 673 F.2d at 356. The Board likewise cannot waive the certification requirement. See Cosmic Construction Co. v. United States, 697 F.2d 1389, 1390-91 (Fed.Cir.1982) (holding that a board of contract appeals cannot waive the statutory 90-day limit for appeals to the board). Unless the claim was certified when it was submitted to the contracting officer, the Board should have neither heard nor ruled on the appeal.
The policy considerations underlying the certification requirement are no less applicable to challenges to decisions of contract appeals boards than to those of contracting officers. In both situations, the certification requirement “deter[s] contractors from filing inflated claims which cost the government substantial amounts to defeat.” Lehman, 673 F.2d at 355.
Although the appellant did certify the claim before the Board after the contracting officer had rendered a final decision, this retroactive certification is ineffective under the Act and does not cure the original failure to certify the claim at the proper time (i.e., when it was submitted to a contracting officer for decision). See W.H. Moseley, 677 F.2d at 852 (retroactive certification to contracting officer held ineffective).
*1339 We therefore agree with the parties that we have no jurisdiction over this case because of the failure of the appellant to certify the claim it filed with the contracting officer. To enable the appellant now to submit a certified claim to the contracting officer, if it so wishes, and to avoid any possible problem about the precedential effect of the Board’s decision upholding the contracting officer, we shall vacate that decision.
III.
The parties seek transfer under 28 U.S.C. § 1631, added by section 301(a) of the Federal Courts Improvement Act of 1982 (the Courts Improvement Act), Pub.L. No. 97-164, 96 Stat. 25, 55, which became effective on October 1,1982 (section 402, 96 Stat. 57). Section 1631 directs a court, upon the filing of an appeal (including a petition to review) over which the court finds that “there is a want of jurisdiction,” to transfer the appeal to “any other such court in which the . . . appeal could have been brought at the time it was filed or noticed ...” if “it is in the interest of justice .... ”
A. We deny the transfer motion because the petition for review in this case could not have been filed in the United States Claims Court at the time the appellant filed it in this court on October 25, 1982, well after the effective date of the Courts Improvement Act.
Under 28 U.S.C. § 1295(a), added by the Courts Improvement Act (96 Stat. 37-38), the Court of Appeals for the Federal Circuit has “exclusive jurisdiction . .. (10) of an appeal from a final decision of an agency board of contract appeals pursuant to section 8(g)(1) of the Contract Disputes Act . .. . ” Section 8(g)(1) of that Act authorized a contractor to appeal to the Court of Claims a decision of any agency board of contract appeals within a specified time. The Courts Improvement Act transferred that jurisdiction exclusively to this court.
Thus, although the United States Claims Court, which the Courts Improvement Act created, generally has the same trial jurisdiction that the Court of Claims formerly had (see 28 U.S.C. § 1491, as amended by the Courts Improvement Act, 96 Stat. 39), the Claims Court has no jurisdiction over petitions to review decisions of agency boards of contract appeals rendered under the Act. Since the appellant here elected to proceed under the Act, the Board decision must be treated as one pursuant to the Act. Accordingly, this action to review the Board decision could not have been brought originally in the Claims Court. We therefore have no authority under 28 U.S.C. § 1631 to transfer the case to that court.
B. The parties, however, argue that the “[ajppellant’s failure to certify its claim also nullified its purported election to proceed under the [Act],” and that the case should be treated as one in which the contractor appealed to the Board under the disputes clause of the contract (which did not require certification of a claim). Under this theory the case could have been brought initially in the Claims Court under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1981), recently reenacted in section 133(a) of the Courts Improvement Act (96 Stat. 39-40), as a suit upon a “claim against the United States founded upon ... [an] express ... contract with the United States.” 96 Stat. 39-40.
We reject the parties’ suggestion that the appellant’s conscious and voluntary decision to proceed before the Board under the Act should be ignored because the appellant failed to follow the prescribed statutory procedure of certification and that the appellant should be allowed at this late stage to re-elect now to proceed under the contract disputes clause. In Tuttle/White Constructors, Inc., the Court of Claims faced an analogous situation where a contractor elected to proceed under a contract disputes clause, but subsequently attempted to re-elect to proceed under the Act. As the court there indicated, where the contractor “made a conscious election to proceed under the disputes clause[,] ... it is foreclosed from later electing to proceed under the Contract Disputes Act.” 656 F.2d at 649.
*1340 We see no reason why the appellant’s decision to proceed under the Act should be any less binding. Although the lack of certification taints all proceedings brought under the Act, as noted above, it does not nullify the appellant’s election to proceed under the Act. The Act became applicable as a result of the appellant’s voluntary election to proceed under it, and it is immaterial that when it made that election the appellant’s claim that it sought to appeal to the Board was fatally defective for want of certification.
Once the Act is applicable, it “control[s] all avenues of appeal available to the plaintiff.” Skelly & Loy, 685 F.2d at 418. Accordingly, the appellant’s only recourse is to proceed properly under the Act. “The proper course of action — for a contractor [proceeding under the Act] whose case is dismissed for lack of jurisdiction — is the following: (1) properly certify the claim; (2) resubmit the claim to the contracting officer; and (3) if there is then an adverse contracting officer’s decision, appeal either to the board ... or directly to [the Claims Court] .... ” Skelly & Loy, 685 F.2d at 419. To enable the appellant to begin again on a clean slate, as Skelly and Loy contemplates, we vacate the decision of the Board. If the appellant wishes to proceed under the Act, it must follow the procedure outlined in Skelly and Loy.
The joint motion of the parties to transfer this case to the United States Claims Court is denied. The decision of the General Services Administration Board of Contract Appeals is
VACATED.