**BEACON OIL COMPANY, Appellant,**

v.

**The UNITED STATES, Appellee.**

**No. 87–1133.**

United States Court of Appeals, Federal Circuit.

Nov. 3, 1987.

David G. Wilson, Andrews and Kurth, Washington, D.C., argued, for appellant. Also on the brief was Jennifer M. Porter, of counsel.

Joseph A. Kijewski, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for appellee. With him on the brief, were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett, Asst. Director.

Before DAVIS, Circuit Judge, SKELTON, Senior Circuit Judge, and NEWMAN, Circuit Judge.

DAVIS, Circuit Judge.

This is a tangled web firmly enfolding the Department of Energy Board of Contract Appeals (BCA), the Claims Court, the Contract Disputes Act, and the disputes clause of the contracts. We cut the Gordian knot by holding that (a) the Claims Court was correct that appellant Beacon Oil (Beacon) had made a binding election to pursue its contract cases under the Contract Disputes Act even though it had not certified its claims, and (b) the BCA's prior decision, reaffirmed in the ruling now under review, to proceed under the contract's dispute clause was incorrect and must be vacated.

## I.

### Background

Beacon entered (in 1978 and 1979) into two contracts with the Energy Department for the purchase of crude oil from a naval petroleum reserve. More than two years after the ending of these two contracts, Beacon filed (in March 1982) uncertified claims with the contracting officer on the ground that the Government had overcharged Beacon. The contracting officer denied both claims as barred by final payment. Beacon then appealed to the Energy BCA (Board).

In *Beacon I*, 83–1 BCA (CCH) ¶ 16,217 (1982), the Board dismissed that appeal (including both 1978 and 1979 contracts) because Beacon had not certified its claims.[1] Beacon then moved the Board to allow it to proceed under the contract disputes clauses (which did not require certification). The Board granted that relief in *Beacon II*, unreported. The Government then sought summary judgment on the merits, which the Board granted on the basis that the claims were both barred by the final payment rule. *Beacon III*, 84–2 BCA (CCH) ¶ 17,279 (1983).

Beacon then filed suit in the Claims Court, seeking Wunderlich Act review of the BCA's *Beacon III* disputes clause decision in *Beacon III*. The Claims Court ruled (in *Beacon IV*, 8 Cl.Ct. 695 (1985)) that under *W.M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed.Cir.1983), Beacon had made a binding election to proceed under the Contract Disputes Act when it first appealed to the Board. As the Claims Court put it, here the Act became applicable when appellant made a conscious election to proceed under the Contract Disputes Act. There is no indication that plaintiff was misled or was uninformed relative to its right to elect to proceed under the Act or under the disputes clauses of its contracts. 8 Cl.Ct. at 698. And as *Schlosser* had held, 705 F.2d at 1340, the failure to certify the 1979 claim did not alter or obviate Beacon's election to proceed under the Contract Disputes Act. Accordingly,

---

1. Only the claim under the 1979 contract required certification because it exceeded $50,000.

The claim on the 1978 contract was less than $50,000.

the Claims Court held that it could not exercise jurisdiction under the Wunderlich Act—jurisdiction instead being vested in this court under the Federal Courts Improvement Act.

The final round is that Beacon then certified its 1979 claim, and appealed the contracting officer's denial of that claim. When the case reached the Board once more, Beacon moved the Board to vacate its *Beacon III* decision applying the final payment rule under the disputes clause. In *Beacon V*, the BCA denied that request. 86–3 BCA (CCH) ¶ 19,206 (1986). That decision is the one now before us.

## II.

### *Election to Proceed Under the Contract Disputes Act*

*Schlosser* makes it absolutely clear that (a) Beacon elected to proceed under the Contract Disputes Act and that (b) it makes no difference to that election that Beacon failed to certify its claim over $50,000. *Schlosser*, 705 F.2d at 1338–40.[2] The holding is plain and straightforward. Thus the Claims Court was wholly correct in its analysis that the Contract Disputes Act controlled and that the BCA therefore had no jurisdiction whatever over the 1979 claim (which exceeded $50,000) because Beacon failed to certify it. Once Beacon had voluntarily elected to proceed under the Contract Disputes Act which required certification, the Board could not consider the claim at all under the disputes clause. The stark and irrefutable fact is that, under *Schlosser*, the Board had no jurisdiction over the 1979 claim.

In *Beacon V*, the Board sought to avoid that conclusion by a number of arguments, all of which we consider meritless. First, it said that the Claims Court had no appellate jurisdiction over the Board; plainly that misses the point. It is not the Claims Court's *Beacon IV* decision which governs by itself but the *Schlosser* decision which is binding on the Board, the Claims Court, and on us. *Schlosser* (not the Claims Court) mandates the result here. Then, the Board tried to make something of the fact that it was ignorant of the *Schlosser* decision when it heard and decided *Beacon III*. That factor is likewise irrelevant. The critical circumstance is that *Schlosser* was issued on April 23, 1983—before *Beacon III* was decided by the Board—and therefore was a binding statement of the law before *Beacon III* was promulgated on November 4, 1983. We reiterate that at that time the Board had no jurisdiction to consider the 1979 claim (at the least) and therefore had no authority to render *Beacon I* or *Beacon III* as to that certifiable 1979 claim or to allow a "new" election under the disputes clause. Those orders were simply void on the basis that appellant had elected to proceed under the Contract Disputes Act which deprived the Board of all jurisdiction over the 1979 claim.[3]

## III.

### *Disposition*

It follows that the ruling under review—*Beacon V*—must be vacated as to the now-certified 1979 claim and that case must be decided under the Contract Disputes Act (rather than the disputes clauses) by the contracting officer and the Board. Though the under–$50,000 1978 claim did not have

---

**2.** *Schlosser* ruled that (i) "Since the [contractor] elected to proceed under the Act when it appealed to the Board, it must abide by the Act's procedural requirements for taking this particular route" (705 F.2d at 1338); an uncertified claim over $50,000 "cannot be considered under the statute" unless it was "properly certified" when submitted to the contracting officer (*Id.* at 1338); and "unless that [certification] requirement is met, there is simply no claim that the court may review under the Act" (*Id.* at 1338). Moreover, a retroactive certification before the Board "is ineffective under the Act and does not cure the original failure to certify the claim at

the proper time (*i.e.*, when it was submitted to a contracting officer for decision)." (*Id.* at 1338). Finally, "[a]lthough the lack of certification taints all proceedings brought under the Act, as noted above, it does not nullify the [contractor's] election to proceed under the Act." (705 F.2d at 1340).

**3.** The pre-*Schlosser* cases cited by the Board are all different. None of them allowed a board to continue unless a certified claim was first presented to the contracting officer.

to be certified, and could have been decided under the disputes clause if Beacon had not chosen to proceed under the Act, we think it better to vacate that ruling, too. The Board acted under the disputes clause rather than under the Act (as it should have, in view of Beacon's election). To avoid possibilities of unfair collateral estoppel both claims should be put on the same footing.[4] Accordingly, we vacate all of *Beacon V.* Now that the 1979 claim has been certified, the Board can decide it anew under the Contract Disputes Act (after contracting officer decision) along with the smaller 1978 claim.

VACATED.

---

**4.** Beacon argues that *American Western Corp. v. United States,* 730 F.2d 1486 (Fed.Cir.1984), is counter to the Board's application of the final payment rule to this case. That issue is not now before us.