873 F.2d 1451
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HETTICH AND COMPANY, GmbH, Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1390.
 United States Court of Appeals, Federal Circuit.
 April 12, 1989.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Armed Services Board of Contract Appeals, ASBCA No. 35239 (Apr. 5, 1988), denying Hettich's claim for interest on funds previously held to have been improperly withheld by the government, ASBCA No. 29072 (Apr. 28, 1986), is affirmed in part and remanded to the Board for a determination of the amount of interest due under the contractual "Payment of Interest on Contractors' Claims" clause.
 
 OPINION
 
 2
 At oral argument, Hettich presented two alternative propositions: either its claim for Economic Price Adjustments in the amount of DM 743,730 (EPAs one and two), was an integral part of its certified claim for Economic Price Adjustments in the amount of DM 440,803 (EPAs three and four) or, as the Board held, the claims are separate and distinct. In the former instance, Hettich maintains that interest on the DM 743,730 is due under the Contract Disputes Act (CDA), 41 U.S.C. Sec. 601; in the latter, Hettich asserts that interest is available under the contractual interest clauses. Accepting the Board's characterization of the claims, we address only whether Hettich is entitled to seek interest under the contractual interest provisions.*
 
 
 3
 The government does not contest Hettich's characterization of the issues, but argues that interest is not due under the contracts because "Hettich elected to invoke its CDA privilege to proceed pursuant to that Act," and thereby waived its contractual claims. It is undisputed that Hettich did elect the CDA with respect to its claim for interest on EPAs three and four. To the extent the government argues a separate election for EPAs one and two was unnecessary, it contradicts the Board's conclusion that the claims are not unified.
 
 
 4
 The government identifies no evidence in support of the proposition that Hettich waived its contract rights with respect to its separate claim for DM 743,730. At oral argument, it asserted only that the Board understood Hettich to have so elected. The Board, however, made no such finding.
 
 
 5
 "It is a fact that the Contract Disputes Act does not ... prescribe the manner in which such election must be made," Tuttle/White Constructors, Inc. v. United States, 656 F.2d 644, 647 (Ct.Cl.1981), but the indicia of a valid and binding election to proceed under the CDA to the exclusion of the contract's interest clause, are readily gleaned from our decisions. In Essex Electro Engineers, Inc. v. United States, 702 F.2d 998, 1003 (Fed.Cir.1983), for example, we agreed that the contractor elected to proceed under the CDA where it "consistently indicated that it wanted the case to be considered under the act," and counsel for the contractor emphasized at the outset of the proceedings before the Board that: "First, of course, we are here under the Contract Disputes Act of 1978...." And, in W.M. Schlosser Co., Inc. v. United States, 705 F.2d 1336, 1338 (Fed.Cir.1983) (quoting Tuttle/White, 656 F.2d at 647), we held that the contractor chose CDA procedures where the record showed that it had made a " 'conscious and unwavering,' " "voluntary and informed" decision to do so. At least this much, therefore, is clear: an unsupported allegation that an election has been made is insufficient to demonstrate that the contractor has elected to forego his contractual remedies.
 
 
 6
 Citing Brookfield Constr. Co. v. United States, 661 F.2d 159 (Ct.Cl.1981), the government also says that, regardless of whether there was an election, interest is not due under the contract because "[i]n any event, since the claim for the DM 730,743 was not certified until 1986, and was paid on the date it was certified, it could not have been before the board before that date." Brookfield, however, holds that the certification requirements of the CDA will not be imposed on pre-CDA claims, even where an election has been made to pursue the pre-Act claim under the CDA. Id. at 166. Here, an election was not made, so the condition precedent to interest entitlement is limited to that specified in the contract, namely, that "the Contractor furnishes to the Contracting Officer his written appeal under the DISPUTES clause of this Contract...." The case is therefore remanded to the Board for a determination of whether this condition was met by Hettich and, if so, for a determination of the amount of interest due. Each party will bear its own costs.
 
 
 7
 Hettich also asserts that statutory interest is payable under the Prompt Payment Act (PPA), 31 U.S.C. Sec. 3901. As the Board correctly noted, this act applies only to contracts entered into on or after 1 October 1982. See OMB Circular A-125, 47 Fed.Reg. 37,321 (1982). Because the contracts involved here were made before this date, the Board's conclusion that the PPA does not give Hettich an interest claim is affirmed.