ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Abdul Ahad Khadim Construction Company ) ASBCA No. 59206
)
Under Contract No. W91B4L-12-C-0214 )

APPEARANCE FOR THE APPELLANT: Mr. Abdul Ahad Khadim
Director

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
LTC Brian J. Chapuran, JA
Trial Attorney

DECISION BY ADMINISTRATIVE JUDGE LOPES ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Pursuant to Board Rule 7, the Department of the Army (Army or government) moves to dismiss Abdul Ahad Khadim Construction Company's (appellant) appeal for the Board's lack of jurisdiction due to appellant's failure to certify its claim. The motion to dismiss is granted. This appeal is dismissed without prejudice.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 19 July 2012, the government awarded firm fixed-price Contract No. W91B4L-12-C-0214 (contract) to appellant for the construction of a road and entry control point at Kandahar Airfield, Afghanistan (R4, tabs 1-3). The estimated value of the contract was $201,232 (R4, tab 1 at 3-5).

2. The contract incorporated by reference the FAR 52.233-1, DISPUTES (JUL 2002) clause (R4, tab 1 at 28). The contract included the full text of the FAR 52.211-12, LIQUIDATED DAMAGES -- CONSTRUCTION (SEP 2000) clause and notified appellant that if it failed to complete the work within the time specified in the contract it would be required to "pay liquidated damages to the Government in the amount of **$667.36 for the first day and $573.44 for each calendar day of delay thereafter** until the [contract] work [was] completed or accepted" (R4, tab 1 at 7-8).

3. The government issued a notice to proceed on 1 September 2012, with a contract start date of 1 September 2012. The contract completion date was 30 October 2012. (R4, tab 5)

4. On 17 October 2012, the contracting officer sent a letter to appellant expressing concern over appellant's lack of progress on the contract work (R4, tab 5).

5. On 22 October 2012, the government issued contract Modification No. P00002 that extended the contract completion date to 10 November 2012 due to delays caused by appellant (R4, tab 9 at 1, 3). The modification stated that liquidated damages would be assessed effective 31 October 2012, until the project had been accepted by the government (*id.* at 1).

6. On 13 January 2013, the government issued contract Modification No. P00003 that extended the contract completion date to 1 February 2013 due to delays (R4, tab 18 at 2, 3). The modification stated that liquidated damages would continue to be assessed (*id.* at 3).

7. On 7 March 2013, the government issued contract Modification No. P00004 that extended the contract completion date to 2 April 2013 due to delays caused by appellant (R4, tab 32).

8. On 3 April 2013, the government issued contract Modification No. P00005 that extended the contract completion date to 22 April 2013 (R4, tab 37). The modification stated that the government had decided not to assess liquidated damages for delays caused by appellant (*id.* at 2).

9. On 1 October 2013, the government issued contract Modification No. P00006 that assessed $27,045.60 in liquidated damages due to delays of 47 days between 19 May 2013 and 4 July 2013 caused by appellant (R4, tab 43).

10. On 2 February 2014, appellant filed a claim for AFN 16,508,044.80 (R4, tab 44). Using the currency conversion rate in the contract, the claim was for $339,513.82 (R4, tab 1 at 10). The claim for currency exchange losses, lost labor, administration costs, and liquidated damage costs was not certified pursuant to the Contract Disputes Act by appellant.

11. On 1 March 2014, the contracting officer issued a contracting officer's final decision granting appellant's claim for liquidated damages cost ($27,045.60) (*see* SOF ¶ 9) but denying the remainder of the claim (R4, tab 45).

12. On 10 March 2014, appellant timely filed this appeal.

2

<u>DECISION</u>

The Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, requires each claim by a contractor against the Federal Government relating to a contract shall be in writing. 41 U.S.C. § 7103(a)(2).

> For claims of more than $100,000 made by a contractor, the contractor shall certify that –
>> (A) the claim is made in good faith;
>> (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
>> (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and
>> (D) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b)(1). Certification may be executed by an individual authorized to bind the contractor with respect to the claim. 41 U.S.C. § 7103(b)(2).

"[T]he certification requirement is a jurisdictional prerequisite that must be satisfied by the contractor before it may appeal the contracting officer's claim denial." *Tefirom Insaat Enerji Sanayi ve Ticaret A.S.*, ASBCA No. 56667, 11-1 BCA ¶ 34,628 at 170,630 (citing *United States v. Grumman Aerospace Corp.*, 927 F.2d 575, 579 (Fed. Cir. 1991); *W.M. Schlosser Co. v. United States*, 705 F.2d 1336, 1338 ("Unless the claim was certified when it was submitted to the contracting officer, the Board should have neither heard nor ruled on the appeal.")). The complete absence of any certification is not a defect which may be corrected under the CDA for the Board to retain jurisdiction. *Eurostyle, Inc.*, ASBCA No. 45934, 94-1 BCA ¶ 26,458 at 131,654. Moreover, the fact that a contracting officer purported to issue a final decision does not serve to remedy the absence of certification. *CDM International, Inc.*, ASBCA No. 52123, 99-2 BCA ¶ 30,467 at 150,514 (citing *W.M. Schlosser*, 705 F.2d 1336).

The record establishes that appellant's monetary claim is for more than $100,000 (SOF ¶ 10). There is no evidence on record that appellant has certified its claim as required by the CDA. The Board determines that appellant has failed to certify its monetary claim in accordance with the CDA, and therefore the Board has no jurisdiction over the claim.

3

## CONCLUSION

Because appellant's monetary claim is for more than $100,000 and was not certified in accordance with the CDA, the Board has no jurisdiction over the appeal. The government's motion to dismiss is granted without prejudice. Appellant retains its right to submit a properly certified claim to the contracting officer for decision.

Dated: 7 August 2014

CRANE L. LOPES
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

PAUL WILLIAMS
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59206, Appeal of Abdul Ahad Khadim Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4