ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                )
                                            )
Sea Cycle Construction Company              )        ASBCA No. 61671
                                            )
Under Contract No. W91B4L-10-C-0229         )

APPEARANCE FOR THE APPELLANT:               Mr. Abdul Jabar
                                            Vice President

APPEARANCES FOR THE GOVERNMENT:             Raymond M. Saunders, Esq.
                                             Army Chief Trial Attorney
                                            MAJ Bruce H. Robinson, JA
                                             Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE PROUTY
ON APPELLANT'S MOTION FOR RECONSIDERATION

        After we dismissed this appeal for lack of jurisdiction because appellant,
Sea Cycle Construction Company (Sea Cycle), had not certified its claim, which was
for more than $100,000, Sea Cycle sent an email to the Board explaining that it did not
understand the concept of certifying a claim and that it wished to seek less than
$100,000 if that would resolve the jurisdictional problem that it faced.  By order dated
October 23, 2018, we deemed this email to constitute a request for reconsideration.
We are sympathetic to Sea Cycle, but must deny the motion for reconsideration.

        As explained in our decision dismissing this appeal, if a contractor seeks more
than $100,000 in a claim to the government, it must certify that claim using language
that comports with the requirements of the Contract Disputes Act in 41 U.S.C. § 7103(b).
If it fails to do so, as it did here, we do not possess jurisdiction to consider the
appeal of the denial of the claim. *See Kandahar Gravel Supplies and Logistics*,
ASBCA No. 60531, 17-1 BCA ¶ 36,688 at 178,632.  Although we appreciate that
Sea Cycle may not have understood the finer points of the law involving our jurisdiction,
the contract at issue here incorporated by reference the standard Federal Acquisition
Regulation (FAR) 52.233-1, DISPUTES (MAY 2014) clause (*see* R4, tab 1 at 18,
incorporating the Disputes clause).  That regulatory provision requires the certification
for claims greater than $100,000 and includes the language to be inserted into a claim
letter effecting the certification for such claims. *See* FAR 52.233-1(d)(2)(i), (iii).  We
regret that Sea Cycle may have been confused, but the certification requirement is
jurisdictional and the contract did spell it out.  We may not waive compliance with it.
Likewise, we have no basis to grant relief less than $100,000 if the original uncertified
claim was for greater than $100,000.  Once a contractor has requested more than

$100,000 in relief in its claim, we may not remedy its jurisdictional flaw by granting a lesser amount of damages. *See W.M. Schlosser Co. v. United States*, 705 F.2d 1336, 1338 (Fed. Cir. 1983) (Board without authority to waive certification requirement for jurisdiction); *cf. Warchol Constr. Co. v. United States*, 2 Cl. Ct. 384 (1983).

We grant motions for reconsideration only "if we have made a genuine oversight that affects the outcome of the appeal." *Relyant, LLC*, ASBCA No. 59809, 2018 WL 4855178 at *2 (ASBCA Sept. 20, 2018). This is not such a case. The request for reconsideration is denied.

Dated: October 25, 2018

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

ROBERT T. PEACOCK
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61671, Appeal of Sea Cycle Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

2