ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Areyana Group of Construction Company ) ASBCA No. 60649
)
Under Contract No. W5J9LE-12-C-0044 )

APPEARANCE FOR THE APPELLANT: Mr. Zabit Khan
Director

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
Engineer Chief Trial Attorney
James D. Stephens, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, Middle East
Winchester, VA
Edward J. McNaughton, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, Memphis

OPINION BY ADMINISTRATIVE JUDGE PAUL
ON JURISDICTION

This is a timely appeal of a contracting officer's final decision (COFD) denying appellant Areyana Group of Construction Company's (AGCC's) request for a no-cost time extension, as well as additional costs for construction of a groundwater storage tank. The Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, is applicable. Pursuant to an order dated May 17, 2018, the Board instructed the parties to brief the issue of the Board's jurisdiction; only the government responded to our order.[1]

FINDINGS OF FACT

1. On May 28, 2012, the government entered into a fixed-price contract, No. W5J9LE-12-C-0044, with AGCC in a total amount of $4,754,401.51 (R4, tab 7 at 1-2 of 47). As stated in the contract:

---

[1] This appeal was consolidated with ASBCA No. 60648. We promulgated a decision dismissing that appeal on May 11, 2018. *Areyana Group of Construction Co.*, ASBCA No. 60648, 18-1 BCA ¶ 37,050. Familiarity with that decision is presumed.

This project consists of the design and construction of site improvements and construction of facilities to support the Afghanistan National Police (ANP) program for one (1) Provincial Response Company (PRC) compound serving a population of approximately one hundred thirty-one (131) personnel, to be located in Lashkar Gah, Helmand, Province, Afghanistan. This project is defined as the management, planning, design, material, labor, and equipment, to site adapt and construct all utilities, vehicular access, buildings, force protection measures, site security, mine clearance activities, and other features as required herein.

(*Id.* at 6 of 47)

2. The contract incorporated by reference several Federal Acquisition Regulation (FAR) clauses, including FAR 52.233-1, DISPUTES (JUL 2002) (*id.* at 8 of 47), which stated, in pertinent part:

(c) *Claim*, as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract. However, a written demand or written assertion by the Contractor seeking the payment of money exceeding $100,000 is not a claim under the [CDA] until certified.

3. The contract contained FAR 52.211-12, LIQUIDATED DAMAGES—CONSTRUCTION (SEP 2000), which provided for damages in the amount of $1,301.00 for each day of delay in completing the work. In addition, the contract included FAR 52.211-10, COMMENCEMENT, PROSECUTION, AND COMPLETION OF WORK (APR 1984), which stated:

The Contractor shall be required to (a) commence work under this contract within **Ten (10)** calendar days after the date the Contractor receives the notice to proceed, (b) prosecute the work diligently, and (c) complete the entire work ready for use not later than **Three hundred Sixty-five (365) calendar days after Notice to Proceed**

**(NTP).** The time stated for completion shall include final
cleanup of the premises.

(R4, tab 7 at 44-45 of 47)

4. On July 23, 2012, the contracting officer (CO) issued the notice to proceed
(NTP), effective that date. Therefore, the contractual completion date was July 23,
2013. (R4, tab 13)

5. On December 2, 2012, the contracting officer's representative (COR) wrote
to inform AGCC that the government was "concerned with the lack of progress on this
contract." He stated the following reasons for concern: poor quality control,
unsatisfactory management, lack of timely performance, continuing delays, and
unsatisfactory compliance with safety standards. The COR requested that AGCC
"take immediate action to correct these deficiencies and provide your corrective action
plan within fourteen calendar days of this letter." (R4, tab 17) The COR also wrote:
"The NTP was issued in July, and progress at the end of November stands at 16%.
With 8 months left in the contract period of performance, to complete 84% of
remaining work...a monthly placement of at least 10% is of serious concern. (*Id.* at 1)

6. On December 16, 2012, the COR informed AGCC that the government was
"concerned with the level of progress seen on this contract to date." The COR
concluded that, as "a result of these concerns, we are considering retaining the
maximum amount allowed per FAR clauses, of up to 10% per monthly payment."
(R4, tab 21)

7. On May 14, 2013, AGCC requested a 221-day, no-cost time extension to
compensate it for supply issues, shipping delays, and issues related to construction of a
groundwater tank. The request did not contain certification language. (R4, tab 25)

8. On June 25, 2013, the CO issued a cure notice to AGCC. He stated: "You
are notified that the Government considers the conditions and failures herein listed to
be a failure on" your part. The CO gave AGCC seven days to cure these conditions.
He stated further: "The contract should currently be 90% complete but is only 69%
complete. This is 21% behind schedule." (R4, tab 27 at 1 of 5) The CO then cited a
host of conditions as negatively affecting AGCC's schedule. Finally, he directed
AGCC to increase the number of laborers working on the contract. (*Id.* at 2-4 of 5)

9. On August 18, 2013, AGCC forwarded to the government a request for a
no-cost time extension, extending from July 22, 2013, until October 19, 2013. It cited
security concerns as the underlying reason for its request. AGCC did not include a
claim certification with its request. (R4, tab 31)

3

10. On March 29, 2014, the CO notified AGCC that the government considered the project to have been substantially complete as of March 1, 2014. He also stated that liquidated damages would not be assessed after that date. (R4, tab 39 at 1 of 9) In the end, the government withheld from payment to AGCC $380,512 in liquidated damages (*see* R4, tab 2 at 2-4).

11. On April 30, 2015, AGCC submitted an "REA-Request For No-Cost Time Extension" for 220 days.[2] It contended that it had been delayed by poor security conditions which affected deliveries of materials and equipment. (R4, tab 42 at 1 of 38) In addition, AGCC argued that the delivery of pre-engineered buildings (PEBs) was delayed by the Afghani Customs authorities. Finally, it contended that the groundwater construction tank was not included in the project scope of work. (*Id.* at 2 of 38) AGCC did not include a claim certification with its request for an equitable adjustment (REA) (*id., passim*).

12. Referring to an in-depth letter which he had previously forwarded to AGCC, the CO found on May 29, 2015, that its request for a time extension "was found to be baseless, hence NO MERIT" (R4, tabs 41, 43).

13. On October 4, 2015, AGCC submitted a "claim letter" for a no-cost time extension relating to alleged PEB delays. The "claim" did not contain a certification. (R4, tab 46 at 1-48) On October 5, 2015, AGCC submitted a claim letter for costs associated with the design and construction of the groundwater tank (for an undetermined amount). The "claim" did not contain a certification. (R4, tab 47 at 1-47)

14. On March 24, 2016, the CO responded to AGCC's "claims." He agreed to compensate AGCC for the groundwater tank work with an increased contractual price of $19,943 and a 15-day time extension. The CO also revised the assessment of liquidated damages to an amount of $248,063. (R4, tab 2 at 6-8)[3]

15. In an email dated May 24, 2016, responding to AGCC's request for an address to appeal the CO's decision, the government's project manager notified AGCC of its appeal rights under the CDA. The letter also contained the Board's address and the time limitations for filing CDA claims. (R4, tab 2 at 1) This appeal followed.

---

[2] This would have led to the repayment of the $380,512 in liquidated damages withheld by the government.

[3] In a letter dated March 17, 2016, the CO noted that despite the fact that it sought the recovery of liquidated damages in the amount of $380,512, it had not certified its claim, as required, by the CDA (R4, tab 2 at 2-4).

4

## DECISION

The linchpin of the Board's jurisdiction over a contractor claim is the contractor's submission of a proper claim to the CO for a decision. *Air Services, Inc.*, ASBCA No. 59843, 15-1 BCA ¶ 36,146. Pursuant to the CDA, a contractor must submit a certification to the CO for any claim exceeding $100,000.

Here, AGCC did not submit a certification to the CO as part of its claim package (finding 13); and the CO acknowledged this fact (finding 14). Although a "defective" certification may be remedied, the complete "absence of a certification...is not considered a 'defect.'" A "claim" exceeding $100,000 not accompanied by any certification precludes the Board from exercising jurisdiction. *CDM International, Inc.*, ASBCA No. 52123, 99-2 BCA ¶ 30,467 at 150,514. The fact that the CO purported to issue a final decision does not serve to remedy this problem. *W.M. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed. Cir. 1983). Accordingly, the submittal is not a claim and the Board lacks jurisdiction to review the requests.

## CONCLUSION

The appeal is dismissed.

Dated: October 26, 2018

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60649, Appeal of Areyana Group of Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals